## Dawson *against* Ryan.
## Stiles *against* The Westchester Rail-road Company.

Under the Act of 26th of July 1842, both an affidavit and security are indispensable conditions to be performed by a party appealing to the court in bank on an order of the judge and certificate from the court of *Nisi Prius.*

Where more than twenty-one days intervene between the judgment and the next term, the party is entitled to his appeal, when the order is in due form certified by the judge, (with affidavit and security), though the twenty-one days have expired: but he cannot have the benefit of a *supersedeas* to execution unless the order is taken and perfected by affidavit and security entered before the expiration of that time.

To entitle a party to a review of the proceedings of the *Nisi Prius* court, he must take a bill of exceptions, and in other respects have his cause prepared for a hearing at the next term of the Supreme Court after judgment rendered; but the appeal is in time if entered before 10 o'clock A. M. of the first day of the next term.

It seems, though the Act speaks only of security for damages and costs, its intention is to include judgments in debt and *assumpsit,* and whether for plaintiff or defendant.

The court of *Nisi Prius* is a distinct and independent court.

THE first of these cases was a replevin brought by Frederick Dawson and Philip Thomas Dawson, trading under the firm of William Dawson & Co., against Patrick Ryan and John W. Ryan, trading as P. Ryan & Son, and was tried at *Nisi Prius* in November 1842, before Judge Kennedy, who directed the jury to give a verdict for the defendants, which was accordingly done, and judgment was subsequently entered thereon. The plaintiffs excepted, the judge sealed a bill of exceptions, and the case came into the court in bank on a certificate of error, according to the provisions of the Act of 26th of July 1842, relating to the *Nisi Prius* court.

*Randall,* for the defendant, now moved to dismiss the case, on the ground that the plaintiff, though he had filed an affidavit, had not given any security under the Act.

*F. W. Hubbell,* for the plaintiff, contended it was not necessary to give security; that taking the whole language of the Act together, the order to certify is put on the same footing as a writ of error; that is to say, although, without bail, it is no *supersedeas* to an execution, yet the record is sufficiently removed for a hearing.

[Dawson v. Ryan.]

In the other case, viz: *Stiles against The Westchester Railroad Company and others*, there was a verdict rendered for the plaintiff before the same judge at *Nisi Prius*, on the 26th of November 1842, and a bill of exceptions was taken and sealed, and the order to certify given. The defendants made the affidavit and entered into recognizance according to the Act.

*Dallas*, for the plaintiffs, moved to dismiss the case, because, though judgment was rendered on the 26th of November, and security given, yet the affidavit and record were not filed till Monday the first day of December term, before 10 o'clock A. M., which was too late, and also because errors had not been assigned till the day of the argument here.

*Meredith*, *contra*, contended, that it was in time if the case was set down for hearing at the March term following, that being the next term, counting from the termination of 21 days from the judgment or from granting the certificate. Besides, if it is before the sitting of the court in bank, it is sufficient. As to the assignment of errors, that is now done, and cures the defect.

The opinion of the Court was delivered by

Rogers, J.—In *Dawson v. Ryan*, the motion was to dismiss the case, because the appellant neglected to enter bail as required by the Act of the 26th July 1842, an Act relating to the *Nisi Prius* court, and in *Stiles* v. *The Westchester Rail-road Company*, because the record, &c. was not certified in time. The 6th section on which the questions arise, is in these words: "And it shall be lawful for either party to take a bill of exceptions to any opinion or charge of the judge as is now practised and allowed in the Courts of Common Pleas of the State; and whenever the said judge shall refuse to grant a new trial on points of law, or whenever either party shall tender a bill of exception, &c., or in any cases in said court, where a writ of error is now allowed in a like case, to any Court of Common Pleas or District Court, it shall be lawful for the party aggrieved to require the said judge to grant an order to certify the record and bill of exceptions, or either, as the case may be, to the judges of the Supreme Court in bank for a *hearing at the next term* thereof; upon such party, his agent or attorney, making an affidavit that the order is not sought by him for the purpose of delay, and upon giving absolute security with two sureties by recognizance, for the *payment of all damages and costs* in case the proceedings shall be affirmed in the manner now prescribed and allowed in cases of writs of error to the Courts of Common Pleas of this State: Provided, that such order shall not be a *supersedeas* to an execution, unless taken and perfected within 21 days after judgment shall be rendered before said judge."

The Act makes several material alterations in the mode of proceeding at *Nisi Prius*. It is now a court of *Nisi Prius* in name

[Dawson v. Ryan.]

only, resembling in some particulars the former Circuit Courts, and especially in the power which is conferred for the first time upon the court by the 8th section, to enter judgment. It is a distinct and independent court, not the less so because it is held by one of the judges of the Supreme Court. The appeal is from the judgment of the court under certain terms and conditions prescribed in the Act. The first question which arises is, when is the appeal to be taken? And we are of the opinion that to entitle a party to a review, he must take a bill of exceptions, and in other respects have his cause prepared for a hearing, *at the next term* of the Supreme Court *after judgment rendered.* The record and bill of exceptions must be certified by the judge's order to the judges of the Supreme Court in bank for a hearing *at the next term;* that is, at the term next succeeding the rendition of the judgment. If we construe the words *at the next term* to mean, what perhaps is their natural import, on or before the first day of the term, it may in a chance case require some diligence to perfect the record; but still it is plain that nothing is demanded either impossible or even difficult to perform. But what steps must be taken by the appellant to perfect his appeal? To this we answer, two things are indispensable: 1. That " the party or his attorney make an affidavit that the order is not intended for delay; and, secondly, he must give absolute security, (that is, security for the money), for the payment of all damages and costs in case the judgment of the court is affirmed." We say, that both are indispensable conditions of the appeal; for if we can disregard one, there is nothing to prevent our disregarding the other, which is not pretended. They are placed in the same category, coupled together by the copulative conjunction, and both or neither are conditions of the order. It is needless to cite authorities to prove that the word *upon,* as used in the sentence, implies a condition precedent. It is its natural sense, which we are not permitted to disregard. It is useless to speculate upon the reasons which influenced the legislature, although it would not be difficult to suggest some, arising from a desire to throw some impediments in the way of an appeal by a limitation of time, and requiring those things to be done which are not difficult, and which will rarely be omitted when a rational hope is entertained of a reversal.

But the security to be entered is for damages and costs. This, it must be observed, is an action of replevin, and consequently the appellant could conform to the Act in its letter as well as spirit. The Act is carelessly drawn, for it does not in terms include a judgment for a debt. But as we are bound to carry out the intention of the legislature, I should esteem him a very bold man who would designedly omit to give security even in such a case where he really desired his case reviewed. For I cannot believe that the legislature intended so marked a distinction between a judgment in debt or *assumpsit,* or between a judgment for the plaintiff or defendant. It will therefore become a prudent practitioner to

conform to the substance as well as the letter of the Act, and perhaps it is well that this case has arisen at this early day, as it may prevent some from falling into so perilous an error. But the damages and costs are to be paid in case the proceedings shall be affirmed in the manner now practised and allowed in cases of writs of error to the Courts of Common Pleas. From this, an inference has been drawn that, like a writ of error, the appellant may, at any time within seven years, appeal from the judgment. But this is at war with the preceding part of the section, which prescribes the time of taking the appeal. It refers merely to the manner of affirmance, which is to be as on a writ of error. It neither adds to, varies, or qualifies the other parts of the section. But it is provided, that the order shall not be a *supersedeas* to an execution unless taken and perfected within 21 days after judgment shall be rendered, &c. It is very obvious that the time to which the party must look is the time the judgment is rendered. If he desires his case to be reheard, he must perfect his order by the next succeeding term, and if he further wishes the order to be a *supersedeas*, it must be done within 21 days after the judgment. As for example: when more than 21 days intervene between the rendition of the judgment and the next term of the Supreme Court, the appellant, although entitled to an appeal when the order is in due form certified by the judge after the 21 days have expired, cannot have the benefit of a *supersedeas* unless the order is taken and perfected by the affidavit of the party and entering security before the expiration of that time. This construction gives force and effect to every word of the section. While a chance of a rehearing is given, it imposes certain salutary conditions and restrictions as a prerequisite to the appeal. We have less reluctance in giving the Act this construction, as if any inconvenience may be supposed likely to arise from it, it may be remedied by the legislature now in session.

But although, as we have before remarked, the appeal must be taken and perfected in time for a hearing at the next term after judgment, yet we are of opinion that in the case of *Stiles* v. *The Westchester Rail-road Company* the appeal is in time. Judgment was rendered on the 26th of November, and the affidavit, record, &c., were filed before 10 o'clock on the 12th of December following the first day of the next term. In *Vanlear* v. *Vanlear*, (1 *Binn.* 76), it is ruled, that the record of the proceedings upon an appeal from the Circuit Court, which by law is directed to be filed *before the next term*, is in time if it is filed before the court meets on the first day of the next term. This is rather a stronger case than the present, for it is directed to be filed before the next term, whereas here it must be preferred for hearing *at the next term*, which by no forced construction may be made to include the first day of the next term. The words of the Act are so general, that perhaps all inconveniences which may arise may be avoided by a rule of court,

[Dawson v. Ryan.]

giving further time if necessary. It is argued that the latter case must be dismissed for another reason; that is, that the errors were not assigned in time. But this objection is met by the offer to assign errors before the final disposition of the motion.

Dawson v. Ryan, dismissed.

Stiles v. Westchester Rail-road Company, motion overruled.