## CATHERWOOD *v*. KONN.

1. The court will allow a certificate to a judgment at Nisi Prius to be taken after the first day of the next term, under special circumstances supported by affidavit.
2. The Nisi Prius is a distinct court from the Supreme Court, and may arrest a judgment after verdict.

*April* 4.—THIS case was tried by a jury at Nisi Prius, and a verdict rendered on the 19th December, for the plaintiff. The defendant moved in arrest of judgment, which was argued and held under advisement until the 7th of March, when the judgment was arrested. The first day of March term fell on the 16th. The certificate was taken and the affidavit and recognisance filed on the 27th.

*J. A. Phillips* moved to quash the certificate as too late, not having been perfected on the first day of the next term. The case is decided in Dawson *v*. Ryan, 4 Watts & Serg. 403; Styles *v*. West Chester, Id., immediately after the Nisi Prius act was passed, and the construction in those cases was that the certificate must be ready for a hearing on the first day of the term succeeding the judgment.

*Randal*, contrà, said, the reason of the delay was his ignorance of the fact of any order having been made in the cause, and absence from the city. (These are stated in the affidavit, which was filed at the request of the court.) There is nothing in the act which requires the appeal to be perfected on the first day of the next term; the words are at the next term, in which there are two return-days, and this certificate was long before the last. This construction is plainly the proper one, for the act allows twenty-one days to make the certificate a supersedeas, and the same period on appeals in equity; and it would be contradictory to say a certificate should have no effect unless perfected on the day after judgment, if the verdict and judgment happened to be on the last day of the term. Dawson *v*. Ryan only decides that an appeal is good if perfected *on* the first day of the term. It is doubtful whether a judgment can be arrested at Nisi Prius. [*Rogers*, J.—That is settled.]

An affidavit of the special circumstances having been required, Mr. Randal filed one, setting forth the facts as to the trial and motion, and that he inquired from time to time whether any opinion had been delivered by the judge, and was told he had not given any. That he had no notice, written or verbal, that the judge was about to deliver any opinion, or make any order in the case. After the judgment was

arrested, some one mentioned to him that some order had been made, and on examination of the record he learned the facts.    He believed this was about the second Monday in March.

*May* 6.    ROGERS, J., after stating the facts.—The plaintiff, therefore, it is clear, was not in time.    For in Dawson *v.* Ryan, 4 Watts & Serg. 403, and Styles *v.* The West Chester Railroad Company, it is ruled, that to entitle a party to review the proceedings of the court of Nisi Prius, he must prepare his cause for a hearing at the next term of the Supreme Court after judgment.    The appeal must be taken and perfected on the first day of the term, but if before 10 o'clock of that day it is in time.    The court was well aware of the inconvenience in all cases of adhering to the strict and stringent rule which they felt themselves under the necessity of laying down, and certainly did not intend to preclude themselves, under particular and peculiar circumstances, from allowing an appeal even after the first day of the next succeeding term.    To permit an appeal, nunc pro tunc, is a power inherent in every court, and under proper regulations is indispensable to prevent injustice.    Is this such a case as requires the interposition of the court? What are the facts which appear on or dehors the record?    A trial was had the 17th December, 1846 ; a motion in arrest of judgment the 19th December; but the rule was not disposed of until the 7th March, 1846, but before the next succeeding term.    Two gentlemen, Messrs. Keemlé and Randal, were the counsel of the plaintiff, but the connection with the cause of one of them, Mr. Keemlé, ceased after the trial. When the judgment of arrest was entered, Mr. Keemlé alone was in court, who stated the absence of Mr. Randal, and that he was the only counsel.    Mr. Randal was sent for, but was not to be found. Mr. Randal stated that he was ignorant of the entry of an arrest of judgment until after the first day of the next term had expired. Whereupon, without delay, he prepared the cause for a hearing, by filing the certificate in error, with the other necessary documents, in the court in banc.

It would certainly be more regular to move the court for leave to file the order certifying the record nunc pro tunc.    It would, however, be useless to turn the party round on a mere matter of form, as the result must be the same.    The question may be as well considered on a motion to quash.    It presents the case of a judgment entered at the heel of the term, in the absence of the party and his counsel, of which neither were informed, until the time fixed for entering an appeal had gone by.    No fault or negligence is justly imputable to any person, and it strikes me it would be a hard measure of justice that the inno-

cent party should lose his chance of review under such circumstances. It is impossible counsel can always be in court, and the same mishap might occur with the most watchful and careful practitioner. He is not justly censurable, and the hardship, if any, will be visited on the party who is certainly in no default. We must be careful to avoid injustice by not adhering too strictly to an act with which, in some cases, it would require great vigilance to comply. We put the case on its special circumstances, for had the counsel known the decision of the court in time, the party would not be entitled to relief. The remedy would be against the attorney for neglect of duty. ·

It is contended that the Court of Nisi Prius has no right to arrest a judgment. There is nothing in the objection. In Dawson *v.* Ryan, already cited, it is ruled, that the Court of Nisi Prius is a distinct and independent court, and that, unlike the court as organized before the act of 1842, they may, and indeed must, enter a judgment when the party is entitled to judgment. Is the court bound to enter a judgment when they are convinced, as in the case in hand, the plaintiff has no cause of action. It is true, the act does not expressly authorize the court to arrest the judgment, nor, indeed, to enter judgment, yet no person can doubt the power or authority given to do both. It would be a strange anomaly in legal proceedings, to issue a writ of error, or order in the nature of a writ of error, when a judgment had not been or could not be entered.

Motion to quash overruled.