## Dobbling *v.* York Springs Railway Company, Appellant.

*Contract—Rescission—Evidence—Question for jury.*

In an action by a contractor for the construction of a railroad against the railroad company to recover damages for the rescission of a contract the question of rescission is properly left to the jury and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff tends to show that he was ordered by the defendant to stop work, and at the same time requested to stay on the ground for a while, which he did, and that after remaining for more than ten days and receiving no orders to resume work, he then left the ground.

*Arbitration—Contract for construction of railroad—Rescission of contract—Railroads.*

An arbitration clause in a contract for the construction of a railroad which makes the decision of the engineer final as to any dispute relative to or touching the agreement, and which waives the right to sue at law or otherwise, does not apply where no claim is made for work done under the contract, and the contract itself has been rescinded, and the contractor is claiming to recover for the loss of the contract.

Argued May 18, 1903. Appeal, No. 112, Jan. T., 1903, by defendant, from judgment of C. P. York Co., Oct. T., 1901, No. 33, on verdict for plaintiff in case of John H. Dobbling v. York Springs Railway Company. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Assumpsit for breach of contract to construct a railway. Before BITTENGER, P. J.

The facts appear by the opinion of the Supreme Court, and by the previous report of the case in 203 Pa. 628.

Verdict and judgment for plaintiff for $3,590.07.    Defendant appealed.

*Errors assigned* were (1–25) various rulings on evidence, and various instructions.

*R. W. Woods*, with him *Cochran & Williams*, for appellant.

*N. M. Wanner*, with him *W. A. Miller*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 12, 1903 :

In Dobbling v. York Springs Railway Company, 203 Pa. 628, we held that the determination of the amount of damages suffered by the plaintiff, in the loss of the contract when rescinded by the defendant, was not to be left to the defendant's engineer. As the case then stood, the fact that the work had been stopped by the order of the defendant did not seem to be seriously disputed.

The question presented to us was whether the engineer was to be the sole arbitrator, as to the damages, under the allegation that the contract had been rescinded by the defendant. The truth of that averment was as a matter of course open to investigation upon the trial, and the record in the case as it is before us now shows clearly that the trial judge left it fairly to the jury to determine whether or not the contention of the plaintiff in this respect was correct.    He says in his charge to the jury, " The plaintiff brings this suit not to enforce the contract, because the contention on the part of the plaintiff is that the contract has been rescinded by the action of the defendant in ordering the work to be stopped . . . . the contention on the part of the defendant is that the contract was never rescinded or abrogated.   The contention on the part of the plaintiff is that it was rescinded by the order to stop work, and not any order requesting him to resume work."   And again he says, " If you believe this work was stopped in the manner as testified to by the plaintiff—by a telegram, and by a conver-

sation with Mr. Trimmer, who was acting as manager of the company; and he was requested to stay there for a time, and that in a week or ten days the matter would be settled, and that he stayed there over that time, and then left the ground— then the court instructs you that he had a right to treat the contract as rescinded, and has the right to recover such damages as may have been proved to your satisfaction. It is for you to determine whether these fact are true—so far as the court remembers these facts, this was not seriously contradicted."

The verdict of the jury must be taken as establishing the fact that the plaintiff was justified in stopping work on the contract and in considering the actions of the defendant as a rescission.

Much of the argument upon the part of the appellant in the present appeal is practically a reargument of the question, which we have already decided in the case.

We have not been convinced that we were in error in holding that the parties by their contract did not constitute the engineer the sole arbiter, to determine the amount of damages sustained by the plaintiff by the rescission of the contract. Aside from this, the assignments of error as to the admission and rejection of evidence are without merit, and are not seriously pressed in the argument.

They are all overruled and the judgment is affirmed.