# Riebe *v.* Mauch Chunk Water Company, Appellant.

*Contract—Construction contract—Efficiency of plan—Evidence—Conflicting evidence—Case for jury.*

The contractor in a construction contract is bound to construct according to the directions given him, and his obligation does not bind him for the efficiency of the plan adopted.

In an action by a contractor against a water company to recover a balance alleged to be due for the construction of a tunnel and ditch for a water pipe, where the defense set up is that the plaintiff had failed in material particulars to perform the work according to the plans, and that there had been a long delay for which the contract stipulated liquidated damages, and the evidence on both subjects is conflicting, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued Feb. 25, 1907. Appeal, No. 38, Jan. T., 1907, by defendant, from judgment of C. P. Carbon Co., Jan. T., 1905,

322 RIEBE *v.* MAUCH CHUNK WATER CO., Appellant.

No. 26, on verdict for plaintiff in case of Herman Riebe v. Mauch Chunk Water Company. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover balance alleged to be due on a contract. Before HEYDT, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* amongst others was (21) refusal of binding instructions for defendant.

*Laird H. Barber* and *Frederick Bertolette*, for appellant.

*E. O. Nothstein*, with him *Wm. G. Freyman*, for appellee.

OPINION·BY HENDERSON, J., April 15, 1907:

The plaintiff entered into a contract to perform the work and to furnish part of the material used in the construction of an improvement to the water system of the defendant. The plan involved the excavation of a tunnel about 1,000 feet in length, a ditch in connection therewith and the placing in the ditch and tunnel of pipes to be used by the company. The specifications furnished to the plaintiff set forth in detail the extent and character of the work to be done, the manner of its execution and the time within which it was to be completed. The contract provided that a delay in the completion of the work beyond the time limited would subject the plaintiff to the forfeiture of $5.00 a day during such delay as liquidated damages. The plaintiff alleged performance according to the contract except as to the time of the completion of the work, and for that delay a flood, strikes of laborers and the permission of the defendant were presented as excuses. Two payments of $800 and $500, respectively, were acknowledged and this action was brought to recover the remainder. The defense set up was that the plaintiff had failed in material particulars to perform the work according to the plans; that the tunnel was not as wide or as high as required and was not timbered in accordance with the specifications; that the work was abandoned by the plaintiff before it was completed; that at one point the terra cotta pipe laid in the tunnel was broken; that the earth

excavated from the tunnel was not distributed over the surface as should have been done and that an inexcusable delay of several months was permitted by the plaintiff.  The issue thus presented was one of fact, necessarily referable to the jury.   If the testimony of the plaintiff and his witnesses is believed the work was performed as required by the contract except as to the time of its completion, and the defects of which the defendant complains were attributable to the inadequacy of the plans ; the defects were developed mainly after the work was completed and the plaintiff was in no way responsible for any miscarriage resulting from defective designs.   Testimony was also offered of an explosion of dynamite by an agent of the defendant after the plaintiff had left the work, to which the jury might have attributed the break in the terra cotta pipe which the defendant charged to the plaintiff's negligence. The defendant contended and offered evidence to show that the work was not finished, that what was done was not in accordance with the contract and that the plaintiff had failed to complete the undertaking to the satisfaction and acceptance of the engineers of the defendant as in the contract provided. There is also a denial that permission had been given by the defendant to delay the work or that flood or strike had prevented the plaintiff from finishing his work at the time agreed upon.   The defendant asked the court to charge that the plaintiff having failed to complete the work covered by the contract to the satisfaction and acceptance of the engineers of the water company cannot recover, and much of the discussion in the case bears upon that question.   It was not alleged by the defendant that it had an engineer in charge or that an engineer had inspected the work from time to time as it progressed until the plaintiff quit work.   The evidence is that no engineer ever had any supervision after the tunnel was begun.   It is abundantly shown, however, and not denied, that Mr. Enbody was the active representative of the defendant, not only in procuring the execution of the contract, but of supervising its performance.   Whether he was considered by the defendant its engineer or not he was so recognized by the plaintiff and was the only person who gave direction or had supervision on behalf of the defendant.   The work was done according to his orders and direction.   There was evidence

that Mr. Enbody was notified that the work was completed, and he was invited to go through the tunnel and examine it or get someone to do so, and that he said it was all right. There was no evidence that the engineers who prepared the plans were ever on the ground or that the defendant ever attempted to have the work inspected by any engineers. The contract does not contain a provision for the submission to the company's engineer as a referee of disputed questions and the plaintiff was not, therefore, required to resort to such a tribunal rather than to an action at law: Lauman v. Young, 31 Pa. 306. The evidence was contradictory on the question whether the plaintiff had performed the work in the tunnel in accordance with the specifications. In reply to the defendant's allegation that the tunnel was not high enough and was partly filled with mud or soft earth, the plaintiff alleged that this was owing to a faulty design in the plans; that mudsills should have been used and that additional lagging should have been provided for. If the defects complained of resulted from a failure of the engineers who designed the plans to anticipate the condition of the soil and to provide for it the plaintiff is not responsible for the consequences. He was bound to construct according to the directions given him, and his obligation did not bind him for the efficiency of the plan adopted: Filbert v. Philadelphia, 181 Pa. 530. How the terra cotta pipe was broken was a matter of dispute. The plaintiff alleged that it was properly laid and in good condition, and asked the jury to infer that the break in the section was caused by an explosion of dynamite when the defendant's agent, Riehl, sunk a shaft down to the pipe. The defendant alleged that the break was due to faulty construction chargeable to the plaintiff. If the plaintiff left the pipe in good condition and the break occurred for reasons not attributable to his neglect he, of course, was not responsible. The evidence on the question of performance by the plaintiff was fairly submitted to the jury by the trial judge. It was not improper for the court to instruct the jury on the subject of substantial performance, and that portion of the charge is as favorable to the defendant as the evidence warranted.

The provision in the contract for the completion of the work at the time stipulated provides a redress to the defendant in case of the plaintiff's failure and does not relieve the defendant

from payment according to the contract if the plaintiff fulfilled his undertaking in other respects. The defendant might set off against the balance due on the contract any sum for which the plaintiff was liable as liquidated damages because of his delay. Whether the delay was the plaintiff's fault was a question for the jury. The evidence of the flood which interfered with the prosecution of the work, of the strike of the laborers because of the character of the work and the consent of the company's representative, Mr. Enbody, that the plaintiff might set the men employed on the tunnel at work in the city of Mauch Chunk at the time an extraordinary flood occurred, was submitted to the jury under proper instructions. The jury awarded to the plaintiff considerably less than the amount of his claim, from which it may be inferred that credit was given to the defendant for the delay.

We do not find sufficient warrant in the record to sustain the assignments of error. They are, therefore, overruled and the judgment affirmed.