## Callone & Fishburn v. Fisher.

*Herbert J. Hartzog*, for plaintiffs; *Howard V. Fisher*, for defendant.

STEWART, P. J., June 4, 1928.—This is a rule to show cause why the above action should not be stayed and the parties compelled to arbitrate under the

provisions of the Act of April 25, 1927, P. L. 381, entitled "An act concerning arbitration, and to make valid and enforceable written provisions and agreements for the arbitration of disputes in certain contracts, including contracts to which the State or any municipal subdivision thereof may be a party; regulating the procedure under such provisions and agreements, and conferring certain powers and imposing certain duties upon the courts with reference thereto." The 1st section provides as follows: "A provision in any written contract, except a contract for personal services, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." It is plain that the agreement must be in writing and that a contract for personal services is exempt. The 2nd section gives the court power to stay proceedings brought in violation of an agreement, "providing the applicant for the stay is not in default in proceeding with such arbitration." The 3rd section, which is the one under which this rule was granted, provides for the determination of the question whether there was an agreement to arbitrate and failure to comply with the agreement. It also provides, "Five days' notice in writing of such application shall be served upon the party in default." No such notice was given in the present case. An answer to the petition was filed by the plaintiffs, but the defendant filed no replication to the answer, and the result is that the facts in the answer must be taken as admitted. See Jacob Bonow B. & L. Ass'n v. Sulkin, 21 Northamp. Co. Repr. 183. They put the petitioner out of court. The admitted facts show that the suit was commenced before an alderman. Defendant appeared by counsel before the alderman and requested him to note on his docket the following: "That both parties have agreed to arbitrate. Therefore, under the Act of 1927, the alderman has no jurisdiction." The alderman made no disposition of that motion other than to go on and hear the case and render a judgment for the plaintiffs. The defendant thereupon appealed, and under our rule of court a rule was issued of course on the plaintiffs to file a statement, which they did. We have called attention to the fact that the arbitration act contains a provision that the applicant for the stay be not in default. The act itself does not confine its scope to proceedings before the court. The 3rd section is general, and there is no reason why defendant could not have commenced the present proceeding as he did when the case was before the alderman, and under well-considered decisions he was surely in default in taking any further step. We attach no importance to the rule to plead, because that was issued under a rule of court, but he should not have appealed. That puts him in default.

We have considered the above matters, which are somewhat technical, but, back of it all, a careful examination of the letters which he attached to his petition shows that while the parties did agree to arbitrate, yet there is nothing from the letters, conceding that they amount to an agreement in writing, that comes within well-settled rules as to arbitration agreements. After reading them carefully, we do not know what it was that was to be arbitrated. The decisions on this subject are uniform. In the leading case of Lauman v. Young et al., 31 Pa. 306, it was held: "If the parties to a contract provide that any dispute which may arise between them in reference to the subject-matter of the contract shall be determined by a third person therein named, whose decision shall be final, no action can be sustained at law in reference

to matters embraced in the prospective submission. But, in order to oust the jurisdiction of the courts, it must clearly appear that the subject-matter of the controversy was within the prospective submission. The right of trial by jury is not to be taken away by implication." In Chandley Bros. & Co. v. Cambridge Springs Borough, 200 Pa. 230, Mr. Justice Brown said: "If the contracting parties agreed that the engineer should pass upon this dispute, and that his decision should be final and conclusive, they are bound by it, if it was properly made; but it must clearly appear that such power was given to him. The terms of the agreement are not to be strained to discover it. They must be clear and unmistakable to oust the jurisdiction of the courts; for trial by jury cannot be taken away by implication merely in any case." To the same effect are Dobbling v. York Springs Ry. Co., 203 Pa. 628; Payne v. Roberts, 214 Pa. 568, and Ruch v. York, 233 Pa. 36. In Keiser v. Berks County, 253 Pa. 167, the late Judge Wagner, of Berks County, delivered an opinion, and the Supreme Court affirmed the case on his opinion. The syllabus of that case is: "An agreement to submit to an award of arbitrators must be mutual and must show a clear intent to submit the matter in dispute to a tribunal and to be bound by its decision; and the person asserting such agreement has the burden upon him to establish by proof its existence, and when such agreement is alleged to have been by parol, it must be established by the preponderance of the evidence."

For all of the above reasons, the application must be denied.

And now, June 4, 1928, rule to show cause why arbitration should not be proceeded with is discharged.

From Henry D. Maxwell, Easton, Pa.