104 440
107 432
115 414

## Connor *versus* Simpson.

1. An award at common law must be certain and final, disposing wholly of the controversy which properly forms the subject of the reference; otherwise it cannot be enforced.

2. Where the parties to a contract stipulated to submit "all and every question of difference growing out of this contract" to a particular person as a "common arbiter, whose decision shall be final and binding upon the parties," a dispute arising from non-performance of the contract is within the terms of the submission, as a question growing out of the contract.

3. Where, in such case, the contract provided, that under certain circumstances, a certain percentage of the consideration should be forfeited as liquidated damages, and the arbiter, stating in his award that not being a lawyer, he did not wish to pass upon a legal question, found, in the alternative, two different sums, according as the contract should properly be construed as providing for a penalty or for liquidated damages:

*Held*, that the award was bad for uncertainty. The arbiter was bound, under the terms of the submission, to decide every question before him, whether of law or fact.

*Held*, therefore, in an action brought on said award, that the court erred in entering judgment for want of a sufficient affidavit of defence, for one of the sums named in the award.

October 30th 1883. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October and November Term 1883, No. 93.

Debt, by Thomas P. Simpson against James H. Connor, to recover $750, the amount of an award by an arbiter in favor of the plaintiff. The plaintiff filed an affidavit of claim, and appended thereto a copy of an agreement under seal, between plaintiff and defendant, and a copy of the award.

By the agreement, the defendant contracted to grade a certain portion of the road-bed of the Pittsburgh and Chicago Railway Company, at certain specified rates according to the character of the work done, under the direction of the chief engineer of said company, who was to have full power "to decide every question that may or can arise between the parties relative to the execution of the work." It was further expressly agreed that said chief engineer " is hereby appointed a common arbiter to whom all and every question of difference between the parties, growing out of this contract, shall be referred, and whose decision shall be final and binding upon both parties."

By the eighth section of said agreement it was provided

[Connor v. Simpson.]

that ten per cent. of the defendant's compensation should be retained as security for the faithful performance of the contract, which should be forfeited " in case the work is not fully completed by the time, and in the manner herein provided for, and which is mutually agreed upon as *liquidated damages* for the non performance by the party of the first part of any of the undertakings on his part herein contained."

The affidavit of claim averred that " differences having arisen between said parties growing out of said contract, the matter was referred to Delos E. Culver, Esq., the chief engineer of said company," who, after hearing, filed an award upon which this action was brought, as follows:

" I, Delos E. Culver, chief engineer, &c., . . . . do award and find that there is due to Thomas P. Simpson from James H. Connor, the sum of one hundred and thirty-one dollars and seventy-one cents ($131.71), with interest from October 5th 1881, being of opinion that the words ' liquidated damages,' in the 8th section of said contract, are to be strictly construed; but, as I am not a lawyer, I do not wish to pass upon a legal question of that nature. I therefore further award and find that if the ten per cent. to be retained as security, &c., should properly be held as a ' penalty,' and not as ' liquidated damages,' that there is due from James H. Connor to Thomas P. Simpson the sum of seven hundred and fifty-two dollars and five cents ($752.05), with interest from October 5th 1881."

The defendant in his affidavit of defence, inter alia, denied that the difference between the parties was within the jurisdiction of the arbiter, the same not having arisen out of the contract, but because the plaintiff had without cause refused to permit the defendant to go on with his work thereunder. The defendant further averred " that the said alleged award is void for duplicity and uncertainty in this, that it awards said Simpson in one case $131.71, and in the other $752.05, as will appear by reference to said award."

The court granted, and subsequently made absolute a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and entered judgment for the plaintiff for $752.05 and costs. Whereupon the defendant took this writ of error, assigning for error the entry of said judgment.

*J. S. Ferguson*, for the plaintiff in error.—The award was void for uncertainty, and will not support an action: Gonsales *v.* Deavens, 2 Yeates 539; Spalding *v.* Irish, 4 S. & R. 322; Sutton *v.* Horn, 7 S. & R. 228; Etnier *v.* Shope, 43 Pa. St. 110; Stanley *v.* Southwood, 45 Pa. St. 189.

[Connor *v.* .Simpson.]

· ˙ *W. K. Jennings*, for the defendant in error.—The objection to the form of the award is technical; "id certum est quod certum reddi potest." All that is necessary is ·for the court to strike out the first˙ finding as surplusage, and let the other stand ; besides, an ˙award is not void because it is in the alternative and contingent : Thornton ·*v.* Carson, 7 Cranch 597.

· Mr: Justice CLARK delivered the˙ opinion of the court, January 7th 1884. ·

· The controlling question in this case is, whether the instrument of writing, dated July 12th 1881, signed by Delos E. Culver as an arbiter, and purporting to be an award, is sufficient to sustain the present action. The submission was prospective, but it was special, and was to the arbitrament of a person designated ; it was founded on a valuable consideration, and was binding on the parties.

· The matters in controversy were clearly within the jurisdiction of the arbiter, as, according to the submission, " all and every question of difference, between ·them, growing out of the contract," was to him referred, and his decision thereon was final, both parties to be bound thereby.˙ The controversy grew directly out of the contract. Connor stopped the work,—whether at his own suggestion, or by inducement of Simpson is not here important, as that question was one for the arbiter. Simpson, alleging that by Connor's default, he had incurred a greater expense than would have accrued under the contract, claimed compensation for the injury. If it were not for the obligation of the contract no such claim could be made, and when made, it must stand or fall, under the agreement of the parties ; rights which accrue from non-performance are as much the outgrowth of the contract as those which accrue from performance.

Assuming, therefore, the jurisdiction of the arbiter, we oust every other jurisdiction over the same subject matter, until the arbiter has been discharged either by the rendition of an award according to the submission, or otherwise. The arbiter, accepting his office, made what purports to be an award : does it possess the qualities and requisites of one? We think it does not.

The reference was, of all and every question of difference, " between the parties growing out of the contract," questions of law, as well as questions of fact, the decision of the arbiter to be "final." The submission, therefore, embraced the question of difference between the parties, as to the construction of the contract. Whether ten per cent. of the amount of each estimate, retained by Simpson, was to be treated as stipulated damages, or as a penalty, merely, was therefore for the arbiter's decision. This question he has, however, not decided ; he indicates pretty

clearly that he has an opinion on the subject, and perhaps intimates what that opinion is; but, he says, " I do not wish to pass upon a legal question of that nature," and he does not pass upon it.

His award is in the alternative, and there is no proper tribunal, to which the pending question submitted by the arbiter can be referred, until his jurisdiction is determined ; the parties intended to be obliged only by what the arbiter himself declared to be his award. The question of difference is undetermined ; the award is not final—it is uncertain and indefinite. What would constitute a sufficient tender of performance on the part of the defendant, or what breaches could be assigned in formal pleadings on the part of the plaintiff ? The breach is, itself, the cause of action, and unless that be assigned the defendant may demur.

According to the theory of the plaintiff below, the parties are necessarily driven to the courts, to ascertain what the award is, and a resort to the legal tribunals was precisely what the parties were seeking to avoid. An award at the common law, is in the nature of a judgment, and ought to be wholly decisive ; " for if it doth not determine the matter it becomes the cause of a new controversy :" Bac. Abr. title Arb. & Aw'd 318. The case of Sutton v. Horn, 7 S. & R. 228, was a reference under the Act of 1705. Chief Justice TILGHMAN, delivering the opinion of the court, says : " This award is wanting in an essential quality ; it is not final, but instead of deciding the matter in dispute refers the decision to the court. This was contrary to the intent of the parties, who submitted the decision not to the court but to the referees. No award should be approved of by the court, but one which is in itself a perfect award. The plaintiff's counsel have endeavored to support this award, by comparing it to a special verdict ; they say that judgment is to be entered on it, as on a verdict, and, therefore, judgment may be entered as on a special verdict, which finds the facts and refers the law to the court. But this is not the true construction of the Act of Assembly, by which it was not intended to alter the nature of an award ; the award must be good per se in order to authorize the court to enter judgment on it."

Although the award here spoken of, under the Act of 1705, had the effect of a verdict, and, when judgment was entered thereon, supported an execution, all that is said in reference to its essential requisites is applicable to an award at the common law ; for the judgment, if any be entered in this case, must be upon the award ; it must, therefore, be certain and final, in order that it may of itself be sufficient to support an action to

compel performance: Gratz *v.* Gratz, 4 Rawle 438; Etnier *v.* Shope, 7 Wr. 110; Stanley *v.* Southard, 45 Penn. St. 189.

We are of opinion, therefore, that the court erred in entering judgment for want of a sufficient affidavit of defence, and the judgment is reversed.