# James H. Connor, Plff. in Err., *v.* Thomas P. Simpson.

An award by an arbitrator, appointed in a contract, is void if the arbitrator was a partner with one of the parties in the subject-matter of the contract and concealed the fact from the other party until the award was made.

The designation of an arbitrator by his official capacity points to the person who holds the office when the adjudication is called for.

(Decided November 15, 1886.)

Error to Common Pleas No. 1 of Allegheny County to review a judgment for want of a sufficient affidavit of defense in an action of debt on an award. Reversed.

The affidavit of defense alleged, *inter alia,* that the arbitrator was a partner of the plaintiff, Simpson, and that he was not chief engineer, the officer agreed upon as arbitrator, when the award was made.

The assignments of error specified the action of the court in making absolute the rule and in not dismissing the rule.

*John S. Ferguson,* for plaintiff in error.—In an action on an award at common law the misconduct of the arbitrator is a good defense. Van Cortlandt v. Underhill, 17 Johns. 405; Speer v. Bidwell, 44 Pa. 23.

The party to decide was he who at the time of the reference held the office. North Lebanon R. Co. v. McGrann, 33 Pa. 530.

*W. K. Jennings,* for defendant in error.—North Lebanon R. Co. v. McGrann, 33 Pa. 530, was a suit between the company and a contractor, and therefore the reasons stated in the opinion in that case do not apply here.

NOTE.—A mere interest in the award, which was known to all, is not a ground for setting aside the finding. Monongahela Nav. Co. v. Fenlon, 4 Watts & S. 205. But the rule is otherwise where there is fraud or collusion (Speer v. Bidwell, 44 Pa. 23; Liverpool & L. & G. Ins. Co. v. Goehring, 99 Pa. 13); though the understanding was that the award should be final (Brandon v. Forest County, 59 Pa. 187). The objection cannot first be raised in the appellate court. Laufer v. Sell, 141 Pa. 159, 21 Atl. 504.

Opinion by Mr. Justice Trunkey:

The parties agreed that the chief engineer of the Pittsburgh & Chicago Railway Company should be arbiter, to whom all and every question between them growing out of the contracts should be referred. On July 12, 1882, Delos E. Culver made an award which was adjudged to be void for uncertainty. (See Connor v. Simpson, 104 Pa. 440.) Subsequently he made another award which is the foundation of this suit.

It is averred in the affidavit of defense that the defendant "has been informed and believes and expects to be able to prove that said Culver and Simpson were partners in the work which was let to affiant under the contracts in question, and affiant did not learn this fact until after July 12, 1882." The defendant also avers that neither in person nor by attorney nor in any other way did he attend or appear before said Culver at the time of hearing, after the award of July 12, 1882, was held to be void.

This seems a proper case for trial. If Culver and Simpson were partners in the work let under the contracts, and concealed that fact from the defendant until after the hearing, the award cannot stand. It was competent for Culver, though a silent partner in the transaction, of one of the parties, to act as arbiter, provided the other party so agreed with full knowledge of the fact. Good faith required both Culver and Simpson, before any hearing, to inform the defendant of that fact, if it existed.

Other questions raised in the affidavit render it doubtful, at least, whether the plaintiff was entitled to judgment; but as the case goes for trial, they need not be specially considered.

However, it may be remarked that it was ruled in North Lebanon R. Co. v. McGrann, 33 Pa. 530, that the person who filled the office of chief engineer when the adjudication was called for is the proper person to decide disputes between the parties, where their contract provides that all questions of difference shall be referred to the chief engineer of a particular corporation. Possibly the defendant, by his acts, waived objection to Mr. Culver on this ground.

Judgment reversed and *procedendo* awarded.