Chandley Brothers & Company *v.* Cambridge Springs Borough, Appellant.

*Contract—Building contract—Decision of engineer—Delay—Liquidated damages.*

A provision in a building contract that "should any disagreement or difference arise as to the true meaning of the drawings or specifications on any point, or concerning the character of the work, the decision of the engineer shall be final and conclusive," does not empower the engineer to pass on the question as to whether certain sums specified as liquidated damages for each day's delay should be deducted from the amount claimed by the contractors.

Argued April 29, 1901. Appeal, No. 279, Jan. T., 1900, by

defendant, from judgment of C. P. Crawford Co., Sept. T., 1899, No. 22, on verdict for plaintiffs in case of Chandley Brothers & Company v. The Borough of Cambridge Springs. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Reversed.

Assumpsit on a building contract.

The facts appear by the opinion of the Supreme Court.

At the trial the following offer was made:

Defendant's counsel: We propose to prove by this witness that the engine or engines called for by the contract was not delivered until considerable time, about or nearly thirty days, after the time fixed and provided for in the contract, and that for the purpose of estimating and arriving at the amount of damages growing out of the default. The contract and specifications together requiring the engines to be erected and ready for continuous use on or before October 1, 1898.

Plaintiffs' counsel: Object to the offer as incompetent and irrelevant, and add as a reason that the matter proposed to be proved is by the contract itself submitted to the final determination of the engineer of the borough.

The Court: I think under the contract and the evidence as to the decision of the engineer as to the question of delays, that the evidence is not admissible. The objection is sustained and a bill of exceptions sealed for the defendant. [1]

Verdict and judgment for plaintiff for $3,114. Defendant appealed.

*Error assigned* among others was (1) ruling on evidence, quoting the bill of exceptions.

*George F. Davenport*, with him *Arthur L. Bates*, for appellant.—In order to oust the jurisdiction of the courts, it must clearly appear that the subject-matter of the controversy was within the prospective submission. The right of trial by jury is not to be taken away by implication: Lauman v. Young, 31 Pa. 306; Hartupee v. Pittsburg, 97 Pa. 107; Hostetter v. Pittsburg, 107 Pa. 419; English v. Wilmerding Borough School District, 165 Pa. 21; Connor v. Simpson, 104 Pa. 440; Brown v. Decker, 142 Pa. 640.

*Jackson & Lang,* with them *W. W. Henderson,* for appellee.
—The decision of the engineer was final: English v. Wilmerding Borough School District, 165 Pa. 21; Hostetter v. Pittsburg, 107 Pa. 419.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

Chandley Brothers & Company, the appellees, entered into a contract on July 11, 1898, with the borough of Cambridge Springs, " to construct, build, equip and finish a complete system of water works on or before October first, A. D. 1898, in the borough of Cambridge Springs, Pa., in accordance with the specifications," attached to and made part of the agreement. With the general plans and specifications submitted to bidders there were detailed specifications drawn under nine divisions, and bids could be made for each separately. The borough reserved the right to let the contract as a whole or by divisions. The whole of the work was given to the appellees. The several detailed specifications provided for different dates for furnishing materials and doing work; but the whole work, as before stated, was to be completed by October 1, 1898. For failure to furnish machinery or complete work by the dates set forth in the separate detailed statements, the contractors agreed to pay, as confessed and liquidated damages, certain sums for every day's delay—in one case $10.00, and in others $15.00 and $25.00 per day.

In paragraph twenty-eight of the general specifications and conditions of agreement, there is the following clause : "If the contractor fails to complete the work at the date specified, he shall forfeit to the board as confessed and liquidated damages, the amounts named in each of the detailed specifications for the different portions of the work." By the term "board," used in this paragraph, is meant the burgess and council of Cambridge Springs, Pa.

The contractors did not perform certain portions of their contract within the dates fixed, and, on the trial of the cause in the court below, the appellant asked that the different sums agreed upon as liquidated damages for the delay of the appellees be deducted from the sum claimed by them. Offers of the appellant in support of its alleged right to make these deductions were all overruled by the learned trial judge, apparently on the

ground that they had been disallowed by the engineer, who, in his judgment, had been given power in the agreement between the parties to pass upon them, and whose decision was final and conclusive and binding upon the borough and the contractors. If the contracting parties agreed that the engineer should pass upon this dispute, and that his decision should be final and conclusive, they are bound by it, if it was properly made; but it must clearly appear that such power was given to him. The terms of the agreement are not to be strained to discover it. They must be clear and unmistakable to oust the jurisdiction of the courts; for trial by jury cannot be taken away by implication merely in any case: Lauman v. Young et al., 31 Pa. 306.

Whatever powers the engineer had to settle disputes between the contracting parties are found in paragraph twenty-four of the general specifications and conditions of agreement, and nowhere else. That paragraph is as follows: "Should any disagreement or difference arise as to the true meaning of the drawings or specification on any point, or concerning the character of the work, the decision of the engineer shall be final and conclusive and binding on all parties to the contract." These words could not be plainer. They limit the final decision of the engineer to disagreements or differences arising as to the true meaning of the drawings or specification on any point, or concerning the character of the work. It is difficult to conceive how even the strained construction sometimes given by zealous counsel to written words could possibly extend these to the dispute before us. The claim of the borough of Cambridge Springs to deduct what the contractors agreed in each detailed specification should be deducted for delay, involves no " true meaning of the drawings or specification on any point," or " the character of the work." The claim means that the work was not done nor the materials furnished within the time agreed upon, and no question is raised concerning the character of the work; the contention simply is, that, in the face of the plain words of the contract, the contractors pay what they specifically agreed they would pay upon the happening of certain contingencies, which did happen. The very agreement of the parties, that the damages for delay should be considered liquidated, is conclusive on its face that that matter should not be referred to the engineer or any one else. In all cases where the decision of the

engineer has been held to be final and conclusive, the terms of the contract made it so. In Hartupee v. City of Pittsburg, 97 Pa. 107, and Hostetter v. City of Pittsburg, 107 Pa. 419, it was provided that, in case any question or dispute between the parties should arise under the contract, the same should be referred to the engineer, whose decision should be final and conclusive. In Connor v. Simpson, 104 Pa. 440, the chief engineer was given full power to decide every question that might or could arise between the parties relative to the execution of the work; and, in Brown v. Decker, 142 Pa. 640, it was agreed and distinctly understood that the decision of the engineers and architects should be final and conclusive in any dispute which might arise between the parties to the agreement relative to or touching the same. In the very cases relied upon by the learned judge below, in his opinion overruling a motion for a new trial, the same broad powers were given to the engineer or architect. In O'Reilly v. Kerns, 52 Pa. 214, it was agreed that the engineer should, in all cases, decide every question which could or might arise between the parties to the execution of the contract on the part of the contractors, and that his decision should be final and conclusive and without appeal. In Quigley v. DeHaas, 82 Pa. 267, it was agreed that a certain person should be the judge of whether the work was done according to contract; and, in Kennedy v. Poor et al., 151 Pa. 472, the agreement was that the work should be done under the direction of the architect and to his satisfaction. In each of the last three cases, the powers exercised by the arbitrator were within the words and terms of his appointment. Here, it is perfectly plain that the power of the engineer to settle disputes or disagreements was limited to those which might arise as to the true meaning of the drawings or specifications, or concerning the character of the work; but about neither of these does the appellant raise any question. Further discussion could not possibly make this plainer. The appellees, in view of the increased work imposed upon them, may be entitled to some extension of time; but what that extension ought to be is a question of fact to be determined by the jury under all the evidence. It is contended, again, that the appellant is bound to pay, because the final estimate of the engineer is a certificate of the amount due the appellees. The engineer had, however,

no right to make any certificate as to the amount due.  He was to make an estimate of the value of the work done and of the materials delivered, and a final estimate of all work done and materials delivered, and the contractors are to be paid as provided in the agreement.  No dispute is raised about the value of the work done ; the contention is as to the amount due, and, as the contractors are to be paid according to the terms of the agreement, the borough insists that, as that agreement provides for certain deductions for delay, those deductions be now made to ascertain what is really due.

What we have said relates to the first eight assignments of error.  The last four are not sustained.  They do not seem to be pressed, and by them no error has been pointed out to us on the part of the court below.  The only question involved is as to the power of the engineer to determine the claim of the borough for damages resulting from the contractor's delay.  This is frankly stated in appellant's paper-book to be the only question raised, and we have so disposed of it.  On the first eight assignments of error, the judgment of the court below is reversed and a venire facias de novo awarded.