## McNally, Appellant, *v.* Montour Railroad Company.

*Arbitration—Finality of decision—Fraud.*

Where an executory contract provides that any dispute between the parties growing out of the contract shall be referred to an arbitrator whose decision shall be final, the award of the arbitrator cannot be attacked for a mere mistake of judgment on his part, or even for partiality where the person benefited is not implicated.   It is only fraudulent conduct on the part of the arbitrator, or collusion between him and the party benefited that will impeach the award.

Argued Dec. 6, 1906.   Appeal, No. 91, April T., 1907, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 873, on verdict for plaintiff in case of Thomas Mc-Nally v. Montour Railroad Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a contract.

Defendant presented the following point :

3. The arbitration clause set forth in the contract in evidence bars recovery in this action, except as to plaintiff's claim relative to and arising out of the use by plaintiff of defendant's locomotive, train and train crew.   *Answer :* This is affirmed.

Verdict and judgment for plaintiff for $750.   Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*A. M. Imbrie,* with him *Leander Trautman,* for appellant, cited : McManus v. Phila., 211 Pa. 394.

*Charles Marshall Johnston*, for appellee, cited: Chandley v. Cambridge Springs Boro., 200 Pa. 230; Reynolds v. Caldwell, 51 Pa. 298; Bowman v. Stewart, 165 Pa. 394; O'Reilly v. Kerns, 52 Pa. 214; Howard v. Railroad Co., 69 Pa. 489; Hostetter v. Pittsburg, 107 Pa. 419.

OPINION BY HENDERSON, J., February 25, 1907:

The appeal in this case presents a single question: is the decision of the arbitrator chosen by the parties to the contract declared upon conclusive as to disputes arising between them? The contract contained the following provision: "It is further agreed and understood between the parties hereto, that all questions which may arise under this contract between Thomas McNally and the Montour railroad shall be referred to the chief engineer of said Montour railroad whose decision therein shall be final and conclusive." A dispute arose under the following clause of the contract:

"The sum of sixty-one (61c) cents per cubic yard for excavation in 'Through Cut,' placed in embankment at 'Shop Location,' or as otherwise instructed. T. McN.

"The sum of thirty-nine (39c) cents per cubic yard (additional) for separating, quarrying and delivering two-man stone in 'Through Cut' to 'Shop Location,' or as otherwise instructed. T. McN." The plaintiff claimed the additional compensation of thirty-nine cents per cubic yard for the removal of all the rock in the cut. The arbitrator held that this claim was not within the terms of the contract for the reason that the plaintiff's proposal was for sixty-one cents per cubic yard unclassified and the claim for additional compensation was rejected. Since the decision in Monongahela Navigation Company v. Fenlon, 4 W. & S. 205, the doctrine has been strictly adhered to that when parties to an executory contract agree that any dispute which may arise between them on the subject of the contract shall be referred to and determined by a person named as arbitrator, whose decision is made final, no action can be maintained by one of the parties against the other for a breach of the contract. The controversy between the plaintiff and defendant grew directly out of the contract and is covered by its express terms. It was, therefore, within the jurisdiction of the arbitrator and this included the deter-

mination of questions both of law and fact: Connor v. Simpson, 104 Pa. 440; Hostetter v. City of Pittsburg, 107 Pa. 419. The decision is open to impeachment for fraud, but such frand must be actual and voluntary and is not to be implied from an erroneous or unjust decision. Partiality of the arbitrator in making the award will not impeach it unless the party benefited be implicated. Nor does a mistake as to conclusions drawn from the evidence nor the erroneous application of the law to the facts avoid the decision: Boston Water Power Co. v. Gray, 47 Mass. 131; Clarke v. White, 37 U. S. 178; Hostetter v. City of Pittsburg, 107 Pa. 419; Reynolds v. Caldwell, 51 Pa. 298; McManus v. Philadelphia, 201 Pa. 632. There is no evidence of fraudulent conduct on the part of the arbitrator nor of collusion between him and the defendant. It is contended by the appellant that the work for which compensation is sought was actually performed; that the refusal of the engineer to allow for the work was arbitrary and capricious and therefore fraudulent, thus taking the case from under the operation of the decisions referred to. This, however, would be to impute fraud to the arbitrator because he arrived at an erroneous judgment which is not the fraud which will avoid an award. The very question as to the meaning of the contract was submitted by the parties to the arbitrament of the engineer and each of them is bound by his conclusion. Whether the plaintiff could have been required to remove all the earth and rock in the cut at sixty-one cents a cubic yard under the contract, and whether he was entitled to the additional compensation for " two-man stone " unless such material was required by the company were questions necessarily referable to the arbitrator under the terms of the contract, and we are not at liberty to attribute a fraudulent motive to the arbitrator merely because he reached a decision adverse to the understanding of the contract which the appellant has. The case is not distinguishable from others in which the decision has been adverse to the contention of the appellant.

The judgment is, therefore, affirmed.