## Keystone Coal Company's Trustee.

*Trusts and trustees—Trustee in corporate mortgage—Appointment—Equity—Acts of June 14, 1836, P. L. 628, and June 16, 1836, P. L. 784.*

1. Where a vacancy occurs in the trusteeship of a corporate mortgage, and the mortgage provides no method of filling the vacancy, the proper proceeding to secure the appointment of a successor to the former trustee is by bill in equity under the Act of June 16, 1836, P. L. 784, which gives to the several courts of common pleas the jurisdiction and powers of courts of chancery, and specifically confers upon them power to control, remove, discharge and appoint trustees generally.

2. A trustee in a corporate mortgage being the mere repository of the title to the mortgaged property is not such a trustee as is contemplated by the Act of June 14, 1836, P. L. 628, which relates solely to assignees for the benefit of creditors and other trustees performing active duties under the immediate control and direction of the court of common pleas.

Argued April 13, 1909. Appeal, No. 43, Jan. T., 1909, by Victoria Schmitt, executrix, from decree of C. P. Luzerne Co., Feb. T., 1908, No. 58, appointing trustee in the Matter of the Appointment.of a Trustee of the Mortgage of the Keystone Coal Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Petition for the appointment of a trustee. Before LYNCH, P. J., and FULLER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*Edmund G. Butler*, with him *John McGahren*, for appellant, cited: Canole v. Allen, 222 Pa. 156; Naglee's Est., 52 Pa. 154.

*William S. McLean, Jr.*, with him *William S. McLean* and *George R. McLean*, for appellees.

OPINION BY MR. JUSTICE BROWN, June 22, 1909:

The Keystone Coal Company, on April 15, 1891, executed a mortgage to Thomas Ford, trustee, to secure the issue of 124 bonds of $1,000 each. He died November 25, 1901, and on December 5, 1907, a petition, based on the Act of June 14, 1836, P. L. 628, and addressed to the court of common pleas of Luzerne county was presented to one of the judges at chambers, who granted a rule to show cause why the prayer should not be granted, returnable to the next argument court. The appellant promptly raised the question of the court's jurisdiction, averring in her answer to the rule to show cause that under the Act of June 16, 1836, P. L. 784, and its supplements, exclusive jurisdiction of the subject-matter in the petition was vested in the court sitting as a court of chancery. In the opinion of the court sustaining the petition the learned judge, speaking for it, said: "We are of the opinion that the proper procedure in this case would have been by bill according to the practice in equity. The act of June 16, 1836, which became law after the act of June 14, 1836, aforesaid, vests in the court of common pleas the powers of a court of chancery, among other things, so far as relates to the appointment of trustees, and the practice provided for the exercise of this chancery jurisdiction is distinctly different from that pursued in the present proceeding. Inasmuch, however, as the judge to whom the petition was presented assumed jurisdiction and the case has been fully heard in the proper court although not on the right side of that court, and no harm can possibly result to any person concerned by a determination in this proceeding, we have concluded to hold jurisdiction as assumed at the beginning and make a disposition of the case upon the merits,

which have been fully presented." This we can neither understand nor approve. Jurisdiction is denied and assumed in the same breath. If the proceeding for the appointment of a new trustee ought to have been under the act of June 16, 1836, and the court had no jurisdiction under the act of June 14, 1836, the appointment of the trustee is void. From the most cursory reading of the act of June 14, 1836, it is clear that the appointment of a successor to Ford as trustee in the mortgage is not within its provisions. That act relates solely to assignees for the benefit of creditors and other trustees performing active duties under the immediate control and direction of the court of common pleas, and when such an assignee or trustee shall die, the court, by the twenty-third section, has the power to appoint a successor. Ford was not such a trustee. No active duties of any kind had devolved upon him so far as can be gathered from the petition, and he was but the repository of the title to the mortgaged property, in trust for the whole creditor class secured by it: Commonwealth v. Susq. & Del. R. R. Co., 122 Pa. 306. The petition for the appointment of a successor to him should have been dismissed. The filling of the vacancy occasioned by his death is not, as the court below properly held, provided for in the mortgage, and it will, therefore, become the duty of the court, in a proper proceeding, to make an appointment. This, however, must be under the act of June 16, 1836, which, in giving to the several courts of common pleas of the commonwealth the jurisdiction and powers of courts of chancery, specifically confers upon them the power to control, remove, discharge and appoint trustees generally. The decree is reversed and the appointment of the trustee vacated and set aside, the costs below and on this appeal to be paid by the appellees.