## Baumer et al. *v.* Johnstown Trust Co. et al. (Moxham Natl. Bank of Johnstown, Aplnt.)

Argued March 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John M. Bennett,* of *Weimer & Bennett,* for appellant.

*Philip N. Shettig,* for appellees.

OPINION BY MR. JUSTICE LINN, April 13, 1942:

This appeal is from a decree appointing a trustee for security holders under a mortgage and deed of trust, in succession of a trustee who resigned. Greenacres Properties Company, a corporation, on May 1, 1924, executed a mortgage and deed of trust mortgaging real estate and pledging shares of stock of Johnstown Traction Company and Lawrence Ice and Storage Company and notes of Johnstown Traction Company, to secure issues of bonds and notes of the Greenacres company. The First National Bank of Johnstown, named as trustee, accepted

the trust and administered it until the appointment of a receiver for the bank in 1939. The receiver's account of the bank's administration of the trust was then approved and the trustee was discharged on delivering the trust property to Herbert J. Davies, who had been appointed as succeeding trustee. Davies administered the trust until October 15, 1940, when he resigned. The bill averred there were outstanding 534 bonds and 79 notes secured by the mortgage and that plaintiffs held 444 bonds and 60 notes. Greenacres Properties Company joined in the prayer of the bill. The only objection came from one of the defendants, Moxham National Bank of Johnstown, holder of 16 bonds. After hearing testimony the court appointed Thomas A. Swope, trustee.

Appellant contends that the court had no jurisdiction to appoint, that such jurisdiction had been ousted by a provision in the mortgage. The Act of June 16, 1836, P. L. 784, section 13, 17 PS section 281, provides: "The several courts of common pleas shall have the jurisdiction and powers of a court of chancery, so far as relates to: . . . IV. The control, removal and discharge of trustees, and the appointment of trustees, and the settlement of their accounts." There can, therefore, be no doubt of the jurisdiction to appoint the trustee unless the parties have provided otherwise. See *Keystone Coal Co.'s Trustee*, 225 Pa. 243, 74 A. 64. Appellant contends that they have done so by Article 10.[1] This article must

---

[1] Pertinent parts of Article 10 are: "Article X. The Trustee, or any trustee or trustees hereafter appointed, may resign and be discharged from the trusts created by this indenture by giving notice of such resignation to the Company and also to the bondholders and noteholders, by publication at least twice a week for four successive weeks in a newspaper published in the City of Johnstown, and upon executing the conveyance required herein. The Trustee may be removed at any time by an instrument in writing, executed by the holders of a majority in amount of the bonds and notes hereby secured then outstanding; but no such removal shall be made before default hereunder without the written consent of the Company. In case of the resignation of the trust hereby created or any vacancy

be construed in the light of the rule that a court of equity will not permit a trust to suffer for want of a trustee and also in the light of the rule that a contract will not be construed as an agreement to oust the jurisdiction of the court unless the parties have done so by clear and unequivocal language. While at law the rule is justified on reluctance to deprive a party of trial by jury, unless he has clearly waived the right, (compare *Chandley Bros. v. Cambridge Springs*, 200 Pa. 230, 233, 49 A. 772), kindred considerations should govern a chancellor asked to construe a contract purporting to limit resort to a power clearly conferred by statute.

We think that Article 10 cannot be read as an agreement to oust the jurisdiction generally. After providing for resignation, it deals with removal of the trustee on the written request of the holders of a majority of the bonds, except that the majority shall not be entitled to demand the removal without the consent of the company unless the company is in default. The company is in default. This provision applies to a particular contingency and does not limit the general power of the court to remove trustees for cause. The third sentence provides for filling "any vacancy in said office however created" by authorizing a majority interest of bonds and notes to appoint "any other Bank or Trust company of the

---

in said office however created, the holders of a majority in interest of both the bonds and notes secured hereby, then outstanding may, by an instrument in writing duly executed by them appoint any other bank or trust company of the City of Johnstown as Trustee to fill the vacancy so caused, and the new trustees so selected shall have and possess and be vested with the same rights and powers as a Trustee as it would have had and possessed and been vested with had it been originally a party hereto. Until the bondholders make such appointment, the Company may by an instrument executed by order of its Board of Directors, appoint a Trustee to fill any such vacancy, with like rights and powers, who shall be the Trustee hereunder until a new Trustee shall be appointed by the bondholders and noteholders as herein authorized; if there be no such appointment by the bondholders and noteholders, the Trustee appointed or substituted by the Company shall continue to act hereunder."

City of Johnstown as Trustee to fill the vacancy so caused." The fourth sentence is an alternative provision for such action by the company following resignation or vacancy. The rest of paragraph 10 provides for effectuating the preceding provisions. It will be noted, in the one case, that the provision is that the majority "may" appoint and in the other, that "the Company may." The record shows that the majority of the bondholders have elected not to exercise the privilege of making the appointment but on the contrary have filed this bill to obtain an appointment by the court and that, as has been stated, Greenacres Properties Company also joined in the bill and in the prayer for relief.[2] As the majority of the bondholders and the company have elected not to exercise the privileges conferred by the contract, the trust will suffer for want of a trustee if the court may not fill the vacancy. Such a result can certainly not have been intended when the parties made the agreement; we can therefore not sustain such a construction of the contract. Scott on Trusts, Vol. 1, section 108.2.

When the First National Bank of Johnstown, the trustee named in the mortgage, through its receiver filed its account and was discharged, the court appointed, not a Johnstown bank, but an individual, Herbert J. Davies, who administered the trust until he resigned. The failure of bondholders then to object to that appointment is not conclusive, but it shows that, if they thought of it at all, they interpreted the provision correctly. There appears to be another eligible bank or trust company in Johnstown, the Johnstown Bank and Trust Company,

---

[2] "Greenacres Properties Company hereby joins in the foregoing Bill of Complaint to indicate that it does not elect to appoint a Trustee under the provisions of the Greenacres Properties Company Indenture of May 1, 1924, as provided in the Tenth Article thereof.

"Greenacres Properties Company hereby joins in the prayer of the within Bill of Complaint for the appointment of a Trustee under said Indenture to fill the existing vacancy in that office."

but the learned chancellor found that it had declined to act. The mere fact that it was proposed by supplementary proceedings to show that its officers were now willing to act, is immaterial in view of the fact that the choice of the court was not limited, as the choice of bondholders would have been, to a Johnstown bank or trust company.

Decree affirmed at appellant's costs.