## Maryland Casualty Co. v. Darby Township

544

*Robert B. Greer, Edward H. P. Fronefield* and *Leon S. Forman*, for plaintiffs.

*John F. Cramp*, for township.

SWENEY, P. J., November 16, 1959.—This is a declaratory judgment action, in which the trial judge entered an order in favor of defendant and exceptions filed by plaintiffs have been argued before the court en banc.

The facts are not in dispute. The Township of Darby entered into a contract with one W. J. Gregory, Jr., for certain road repairs on a unit basis of $7.77 per square yard, at an estimated aggregate cost of $2,500. In anticipation of extra work and possible State aid, the township allocated the sum of $4,000 in its budget for these repairs. The Maryland Casualty Company, hereinafter called Maryland, issued its performance bond in the sum of $2,500 as surety for Gregory. Gregory defaulted on his contract prior to the commencement of any work. Upon notice of Gregory's default, Maryland entered into a contractual relationship with Carl Atran, t/a R. & A. Construction Company, to perform the services set forth in the Gregory contract. A severe winter intervened between the time of Gregory's default and Maryland's contract with Atran. It played havoc with the roads, and when the work was

started, it became immediately apparent that the repairs would have to be far more extensive than had been contemplated at the time the Gregory contract was let. Instead of taking the matter up with the township officials for some possible adjustment, Atran proceeded to perform his services, not only exceeding the estimated $2,500, but going far beyond the appropriations in the township budget for the work.

Neither Maryland nor Atran notified the township when work had been completed in the amount of $2,500, which was the original contract estimate, and the limit of Maryland's liability under its performance bond. The township did not appropriate any additional funds for the work, and it took no official action authorizing a larger expenditure for road purposes.

It is not disputed that a great amount of work was done, that an abundance of materials was furnished and that the services were performed in a workmanlike manner. The township officials observed the work being done, and from time to time verbally directed Atran's work. All was well until the bills were submitted totaling $19,829.04. The Township of Darby refused to pay any amount in excess of $2,500, unless such payment was approved by the court.

The foregoing facts raise the following legal issue:

May the court of common pleas order the Township of Darby to pay the sum of $19,829.04, for road repairs performed for the township under a contractual arrangement between a bonding company and the contractor, when the cost of said repairs is in excess of the estimated total aggregate price of the original contract let by the township, and is in excess of the amount of money specifically appropriated in the township budget for the repairs, upon a showing by the bonding company and the contractor that: (1) The work was necessary; (2) was done in a workmanlike manner; (3) the township officials were aware of the

work and service being performed; (4) verbal instructions were given from time to time by the superintendent of highways of the township and the chairman of the committee on streets and highways of the township to the contractor to do and perform such work as was necessary to repair the streets and highways at the places and for the prices set forth in the original contract; and (5) that additional necessary repairs beyond the scope of the original contract were made?

We are forced to give a negative answer to this question.

Plaintiffs rely on section 1702 of the First Class Township Code of June 24, 1931, P. L. 1206, to sustain their request that the court order payment of this claim. This section, 53 PS §56702, reads as follows:

"No work shall be hired to be done, no materials purchased, no contracts made, and no orders issued for the payment of any moneys, by the authorities of any township, in any amount which will cause the sums appropriated to specific purposes to be exceeded. No change in the purpose of the appropriations shall be made unless by an ordinance, which shall set out the reasons for and character of such change. If any work shall be done for or materials furnished to any township contrary to the provisions of this section, the township commissioners are hereby prohibited from authorizing payment therefor as a moral obligation or otherwise, unless ordered or directed so to do by the court of common pleas or the court of quarter sessions of the county in which such township is situate."

However, from the wording of this section, it is evident that this section applies only in case a contract has been negotiated by township authorities and the cost of goods or services exceed the contract or the sums appropriated in the budget therefor but nevertheless bear a reasonable relationship to the under-

estimated expenses: Upper Darby Township's Petition, 51 D. & C. 88, 92 (1944).

Since there is no contract between the township and either of plaintiffs, the First Class Township Code of June 24, 1931, P. L. 1206, sec. 1802, as amended by Act of May 17, 1957, P. L. 168, 53 PS §56802, is applicable. The section reads: "All contracts or purchases made by any township, involving the expenditure of over one thousand dollars . . . shall be in writing. . . . Any contract made in violation of the provisions hereof shall be void. . . ." Thus, a township is prevented from expending money by oral negotiations.

We also call attention to section 1703 of the First Class Township Code, 53 PS §56703, which reads as follows: "No contracts, hirings, or purchases made, or orders or warrants issued, not provided for by an appropriation by the township commissioners as is required by law, or which would cause any appropriation to be exceeded, shall be valid."

We find it significant that the foregoing section does not authorize the court to order payment for work done contrary to the provisions of this section. It strengthens our view that section 1702, supra, is limited to contract actions by the commissioners, under circumstances there noted.

The conduct, dealings and actions of public officials are strictly controlled and regulated by legislative enactments designed to protect the taxpayers of the community. One dealing with a municipality is bound to recognize the limitations surrounding municipal contracts.

It is clear from the testimony that at the time of the letting of the Gregory contract, the aggregate estimate of $2,500 was a fair one. It is equally clear that at the time Maryland and Atran entered into their contract for assumption of the Gregory contract the roads of the township were in need of far more repair

work than had been originally considered necessary, and as plaintiffs state in their argument, it was "immediately apparent that the defective areas were more extensive than had been originally assumed". As the bills presented show, the cost of the repairs not only exceeded the aggregate amount that had been estimated, but went far beyond the sum of money appropriated in the township budget for them. Had Maryland asked the township commissioners to formally approve the proposed work by Atran, the commissioners could have approved only that amount of work which would exhaust the funds allocated in the budget for it.

The record shows that, during the progress of the work and from time to time, Atran was directed by the superintendent of highways of the township and by the chairman of the committee on streets and highways of the township to do and perform such work as was necessary to repair and improve the streets and highways in a complete and workmanlike manner at the places and for the prices set forth in the Gregory contract. The testimony of both these officials indicates that neither of them had a contract before them as a guide to the limits of the sums appropriated, and that both of them observed the work being done and approved it. In the case of McManus v. Philadelphia, 201 Pa. 632 (1902), the court held that when work is contracted for by a municipality at a stipulated price per yard, and the contract further states a limit of the aggregate written cost of the work, the contractor cannot recover more than the limit set on the ground of oral instructions from a city engineer. See also Luzerne Township v. Fayette County, 330 Pa. 247, 252 (1938).

In the instant case, a representative of the township engineer testified that, in municipal work, the township has to vote the funds in order to do the work

and, on jobs similar to this one, when work was computed on a square yard basis, when the estimated figure was reached, the work would be stopped. Under the particular circumstances of this case, the duty was upon Maryland and Atran to notify the township when the costs approached the aggregate estimate, and seek instructions as to a further course. To contend that the township should have stopped the work when it appeared the money was exhausted, presupposes a doctrine of estoppel as to municipalities. There can be no estoppel on an invalid contract; neither can there be ratification. The underlying philosophy, inherent in government contracts, is that "where a statute provides that a contract by a governmental agency shall be executed in a particular manner, then in order to constitute a binding contract upon that agency, the method prescribed by the statute must be pursued": Commonwealth v. Seagram Distillers Corporation, 379 Pa. 411, 416, 417 (1954).

Plaintiffs argue that the township has a basic duty to keep its streets and highways in repair, and that is a substantial reason for allowing payment of the sums claimed to be due. Such paramount duty is not at issue here. Undeniably, it is the duty of the township commissioners to determine what and where street repairs are needed, obtain estimates and bids therefor, then see that the approximate amount of money is appropriated in the budget for the work, and that the expenditure does not exceed the anticipated costs. Statutory procedures were fully complied with when the Gregory contract was let. There is no evidence that the township had a similar opportunity in this case. Nowhere does it appear that the township was asked to sanction the Maryland-Atran contract; nor that the township was notified when the original estimated aggregate cost of $2,500 had been reached.

It is well settled that plaintiffs could not recover on the theory of implied contract or quantum meruit: Willis Bancroft, Inc. v. Millcreek Township, 335 Pa. 529 (1939). And, it is an established principle in the Commonwealth that when the benefits are conferred upon the municipality pursuant to an invalid contract which by their very nature cannot be surrendered at its option, no implied obligation on the part of the municipality to make compensatory payment can arise: Montgomery v. Philadelphia, 391 Pa. 607 (1958) ; Luzerne Township v. Fayette County, supra.

We conclude that these plaintiffs are entitled to the full amount of the appropriation set aside by the Township of Darby for this work. So far as the court can now ascertain, that is the sum of $4,000; if there is forthcoming an additional $1,500 from the Commonwealth, when it is received by the township, then the township in turn should remit it to plaintiff Carl Atran, t/a R. & A. Construction Company. As this matter now stands, Maryland Casualty Company is entitled to $2,500, and Carl Atran is entitled to $1,500, with the further possibility of $1,500, as aforesaid. No payment can be allowed for extra work; the original Gregory contract required that any extra work must be approved in writing. Action by the commissioners was necessary, not only for approval but to provide funds in the budget for payment.

We, therefore, enter the following

### Decree

And now, November 16, 1959, it is ordered and decreed that plaintiffs' exceptions, herein filed, are dismissed except for exception 3 which is sustained as follows: The Township of Darby is authorized and directed to pay to Maryland Casualty Company the sum of $2,500 and to pay to Carl Atran the sum of $1,500; in addition, if any amounts are received by the Township of Darby from the State Highway De-

partment in connection with the work done by Carl Atran, such sum, so appropriated, shall be paid by said township to Carl Atran; an exception to this order is noted for plaintiffs.