## Munson v. Dury Clothing Company, Inc.

*Robert M. Ronky*, for plaintiff.

*Elmer J. Harris*, for defendant.

PINOLA, P. J., July 29, 1964.—By stipulation of counsel the following question was submitted to the writer, with the understanding that his decision shall be final and binding:

"Is Ralph Wolin, an officer and shareholder of the defendant corporation, and participant upon behalf of the defendant in discussions involving this controversy, qualified to act as an arbitrator in the arbitration or-

dered by previous Order of Court under the Arbitration Act of [April 25,] 1927, [P. L. 381,] as amended?"

We must answer in the negative.

In 5 Am. Jur. 2d, Arbitration and Award §99, it is declared:

"If parties are to be encouraged to arbitrate, arbitration proceedings must be conducted with the same degree of impartiality as the courts afford. Public policy requires, therefore, that arbitrators not only be completely impartial but also that they have no connection with the parties or the dispute involved which might give the appearance of their being otherwise. Obviously a person is disqualified to act as an arbitrator if he is himself a party to the dispute. And, in the ordinary case, a close relative, servant, employee, or agent of one of the parties to the controversy, or one who has any secret interest in the result or decision thereof, may not properly act as an arbitrator. An arbitrator is legally disqualified to act if he has a pecuniary interest in the relief sought, if this fact is not known to the party adversely affected. And a corporate officer may not act if his corporation has a pecuniary interest in the outcome of the arbitration and this interest is unknown to one of the parties." See Gaer Brothers, Inc., v. Mott, 144 Conn. 303, 130 A. 2d 804.

In Monongahela Navigation Co. v. Fenlon, 4 W. & S. 205 (1842), the questions were specifically referred in the contract to a named umpire. The Supreme Court said, page 212:

". . . It is urged that he was a stockholder, and for that reason incompetent to make the estimate. It is a general rule of law, founded on the first principles of natural justice, that a man cannot be a judge in his own cause."

In Evans v. Ives, 15 Phila. 635 (Lackawanna County, 1881), Judge Handley declared, page 637:

"The Roman law expressly provided that if a man be

constituted arbitrator in a dispute to which he is a party, he cannot pronounce an award. Kyd's Award, 71."

And in Connor v. Simpson, 4 Sadler 105, 7 Atl. 161 (1886), an engineer to whom all questions were referred, was a partner in the work which was the subject of the contracts involved. The court held, page 106:

"If Culver and Simpson were partners in the work let under the contracts, and concealed that fact from the defendant until after the hearing, the award cannot stand."

In Philadelphia Housing Authority v. Turner Construction Co., 343 Pa. 512, Justice Schaffer declared, page 519:

"Provisions in contracts which give engineers or architects or heads of municipal or state departments power to decide questions are not arbitration provisions in the sense that the Arbitration Act provides. Boards of arbitration under that act are judicial bodies. Individuals given the right to decide in their own favor or in favor of the person who employs them cannot be said to be exercising a judicial function at all. They exercise a power given them by the contract to decide, not to judicially hear and determine."

The court held the named person was not an arbitrator.

The judicial mind is so strongly against the propriety of allowing one of the parties, or its special representative, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to if necessary to avoid that result: Kelly v. Trimont Lodge, 154 N. C. 97, 69 S. E. 764.

Accordingly, we reach the following

### Conclusion

Ralph Wolin is not qualified to act as an arbitrator in the above case.